UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v.   § | CRIMINAL ACTION NO. 3:22-CR-413-B |
| § | |
| MYRON JERMAINE WILLIAMS, § | |
| § | |
| Defendant.   § | |

MEMORANDUM OPINION & ORDER

Before the Court is Defendant Myron Jermaine Williams's Motion to Quash and Dismiss the Indictment or Alternatively, Motion for a Bill of Particulars (Doc. 48). For the following reasons, the Court **DENIES** the Motion to Quash and Dismiss the Indictment and **DENIES AS MOOT** the Motion for a Bill of Particulars.

I.

BACKGROUND

A grand jury issued an Indictment charging Williams with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Doc. 3, Indictment. After the Supreme Court's opinion in *Erlinger v. United States*, 602 U.S. 821 (2024), the grand jury issued a Superseding Indictment. Doc. 40, Superseding Indictment. The Superseding Indictment reads:

> On or about October 7, 2022, in the Dallas Division of the Northern District of Texas, the defendant, Myron Jermaine Williams, knowing that he had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is, a felony offense, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, to wit: a Taurus, Model G2c, 9mm caliber pistol, bearing serial number 1C021279.

-1-

>       Moreover, prior to the defendant's possession of the above-referenced firearm on or about October 7, 2022, he was convicted of at least three violent felony offenses or serious drug offenses committed on occasions different from one another.
>       In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), the punishment for which is found at 18 U.S.C. § 924(e)(1).

*Id.* at 1. Williams's charge under § 924(e)(1), the Armed Career Criminals Act ("ACCA"), subjects him to a higher minimum sentence than he would face absent the ACCA. Because the Superseding Indictment does not identify which prior offenses subject him to the ACCA charge, Williams Moves to Quash and Dismiss the Indictment or, Alternatively, for a Bill of Particulars (Doc. 48). The Court considers his Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), defendants can move to dismiss their indictments for "failure to state an offense." District courts may only dismiss an indictment if "the infirmity in the prosecution is essentially one of law." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (citation omitted). When reviewing a motion to dismiss an indictment for failure to state an offense, "the court . . . take[s] the allegations of the indictment as true . . . to determine whether an offense has been stated." *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998) (citation omitted).

## III.

## ANALYSIS

The Court denies Williams's Motion to Dismiss the Indictment. Indictments serve to "inform a defendant of the charge against him," *United States v. Franco*, 632 F.3d 880, 885 (5th Cir. 2011), and "ensure that the grand jury finds probable cause that the defendant has committed each

element of the offense." *United States v. Davis*, 53 F.4th 833, 845 (5th Cir. 2022). Thus, "[a]n indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of future prosecutions for the same offense." *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003). "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). "Generally, an indictment that closely tracks the language under which it is brought is sufficient to give a defendant notice of the crimes with which he is charged." *Franco*, 632 F.3d at 884. But an indictment need not "allege in detail the factual proof that will be relied upon to support the charges." *United States v. USPlabs, LLC*, 338 F. Supp. 3d 547, 557 (N.D. Tex. 2018) (Lindsay, J.) (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)).

The Superseding Indictment is sufficient. It "inform[s] [Williams] of the charge[s] against him" by listing the specific charges and the conduct that qualifies for the charges. *See Franco*, 632 F.3d at 885; Doc. 40, Superseding Indictment, 1. Because § 924(e)(1) would enhance Williams's sentence if he committed a violent felony or serious drug offense on three separate occasions, it is an "element," and the jury must find the government has proven these three separate occasions beyond a reasonable doubt. *See Alleyne*, 570 U.S. at 103; *Erlinger v. United States*, 602 U.S. 821, 835 (2024). The Indictment sufficiently charges § 924(e)(1). It "closely tracks the language" of the statute. *See Franco*, 632 F.3d at 884. Furthermore, the Indictment cites § 924(e)(1) and describes Williams's qualifying conduct: that before he committed the offense charged in the Indictment, "he was convicted of at least three violent felony offenses or serious drug offenses committed on occasions different from one another." Doc. 40, Superseding Indictment, 1. By describing this conduct, it

"ensures that there is no risk of future prosecutions for the same offense." *See Thomas*, 348 F.3d at 82. And it provides him notice of the crimes with which he is charged. Lastly, it requires the jury to find this element beyond a reasonable doubt. *See* 18 U.S.C. § 924(e)(1) (requiring a sentence enhancement if a defendant has convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another"). Thus, the Court finds no reason the Superseding Indictment should be quashed or dismissed.

Williams argues the Superseding Indictment is insufficient because it "does not allege the prior convictions [subjecting him to an enhanced sentence under § 924(e)(1)] with reasonable particularity, time, place, and circumstances." Doc. 48, Mot. Dismiss, 5. Therefore, he contends it "does not give [him] sufficient notice of the prior convictions" to allow him to prepare his defense and protect him from double jeopardy. *Id.* at 2. He cites to the Supreme Court's recent holding in *Erlinger*, which requires a jury to find beyond a reasonable doubt that a defendant's qualifying offenses were committed on different occasions to increase his sentence under the ACCA. 602 U.S. at 835. Williams effectively argues that an indictment must specify not only that the defendant committed at least three qualifying offenses on separate occasions, but also must include information about the prior offenses themselves. *See* Doc. 48, Mot. Dismiss, 4–5.

The Court is not persuaded. First, the indictment need not "allege the prior convictions with reasonable particularity, time, place, and circumstances," *id.* at 5, because the indictment is not required to "detail the factual proof that will be relied upon to support the charges." *USPlabs*, 338 F. Supp. 3d at 557 (quoting *Crippen*, 579 F.2d at 342). Second, *Erlinger* "decide[d] no more than" that "a jury [must] resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt." 602 U.S. at 835. While the government will have to prove that each offense occurred on different

occasions at trial, the Indictment need not detail each prior offense for the jury to render its finding on the occasions inquiry. Such a requirement would mean that the indictment must detail factual proof. *See USPlabs*, 338 F. Supp. 3d at 557. The Superseding Indictment is sufficient.

Furthermore, the Court denies as moot Williams's alternative Motion for a Bill of Particulars. "A bill of particulars is designed to apprise the defendant of the charge against him with sufficient precision to enable him to prepare his defense." *Davis*, 53 F.4th at 845 (quotations omitted). Williams argues he needs "the case number, court, county, charge," and the "date of indictment and conviction of each prior conviction that is alleged" to defend the charges against him. Doc. 48, Mot. Dismiss, 5. The government argues that it provided this information to Williams before he filed his Motion. Doc. 49, Gov.'s Br., 1–2, 1 n.1. But in any event, in its Response, the government provided every piece of information that Williams requested aside from the indictment dates for the prior offenses. *Id.* at 2. Williams therefore has sufficiently precise information to prepare his defense. *See Davis*, 53 F.4th at 845. His Motion is denied as moot.

IV.

CONCLUSION

For the foregoing reasons, Williams's Motion to Quash and Dismiss the Indictment (Doc. 48) is **DENIED**, and his alternative Motion for a Bill of Particulars (Doc. 48) is **DENIED AS MOOT**.

SO ORDERED.

SIGNED: November 21, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE